NOTE COURT'S CHANGES
AT PARAGRAPH 4.4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TOBY G. SCAMMELL,<br><br>　　　　Defendant. | Case No.  LACV-11-6597 DSF (MRWx)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>Judge:　Hon. Michael R. Wilner<br>Ctrm:　H<br><br>Complaint Filed:  Aug. 11, 2011 |

Pending before the Court is the parties' Joint Stipulation Re Protective Order.  Good cause appearing therein, the relief sought through the Stipulation is granted.  IT IS HEREBY ORDERED that:

1. **DEFINITIONS**

    1.1  <u>Party</u>:  any party to this action, including all of its officers, employees, attorneys, consultants, retained experts, and support staff.

    1.2  <u>Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, Fed. R. Civ. Proc. 26 disclosures, testimony, transcripts, or tangible things) produced by a Party in discovery in the course of this litigation, whether voluntarily or in response to a request for production of documents pursuant to Fed R. Civ. Proc. 34, that are not otherwise publicly available.

    1.3  <u>Receiving Party</u>:  a Party that receives Discovery Material from a Producing Party.

    1.4  <u>Producing Party</u>: a Party that produces Discovery Material in this action.

2. **SCOPE**

    The protection conferred by this Protective Order covers not only Discovery Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof that might reveal Discovery Material.

3. **DURATION**

    Even after termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

4.  **ACCESS TO AND USE OF DISCOVERY MATERIAL**

    4.1   The Parties agree not to disclose Discovery Material received from a Producing Party, other than for purposes related to this litigation.

    4.2   The Parties agree that Discovery Material received from a Producing Party may be used for purposes related to this litigation, including use in depositions in this litigation, use in connection with expert witnesses and consultants, and may be submitted and/or referenced in filings and arguments made to the Court in this case.

    4.3   Nothing in this Protective Order shall alter the Parties' obligations under Federal Rule of Civil Procedure 5.2.

    4.4   The Parties agree that no Party shall disclose Discovery Material for purposes not related to this litigation, including disseminating or disclosing Discovery Material to the media, making such information available to the public and/or posting such information on the internet.  Notwithstanding this paragraph, nothing in this Protective Order shall restrict the dissemination of any document which is publicly available by virtue of being filed with the Court in the course of this litigation.  The parties may request permission to file materials with the Court under seal as permitted by Local Rule 79-5 and Judge Fischer's standing order.

    4.5   <u>Disclosure of "Disclosure or Discovery Material" by the Securities and Exchange Commission</u>.  Notwithstanding the above paragraphs, nothing in this Protective Order shall be construed to limit or otherwise abrogate the Commission's ability to make its files available as described in the "Routine Uses of Information" section of SEC Form 1662, or to comply with any other statutory obligation.  The Commission may disclose Discovery Material in a manner consistent with the "Routine Uses of Information" section of SEC Form 1662 or to comply with any other statutory or regulatory obligation without

notifying or seeking permission from the Producing Party.

IT IS SO ORDERED.

DATED:  March 20, 2012                             /s/ Judge Wilner
                                                   _____
                                                   HONORABLE MICHAEL R. WILNER
                                                   UNITED STATES MAGISTRATE JUDGE

.