JS 6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>TOBY G. SCAMMELL,<br><br>            Defendant. | Case No.  LACV-11-6597 DSF (MRWx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT TOBY G. SCAMMELL** |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Toby G. Scammell having entered a general appearance; consented to the Court's jurisdiction over Defendant Scammell and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, And DECREED that Defendant Scammell and Defendant Scammell's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, in connection with the purchase or sale of any security:

(a) To employ any device, scheme, or artifice to defraud;

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Scammell shall pay disgorgement of ill-gotten gains, prejudgment

interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act.  The Court shall, in its discretion, determine the amounts of the disgorgement and civil penalties upon motion of the Commission.  Prejudgment interest shall be calculated from August 31, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant Scammell will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant Scammell may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Scammell is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Scammell shall comply with all of the undertakings and agreements set forth therein.

///
///
///
///

2

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

DATED: 6/15/12

*/s/ Dale S. Fischer*

_____
The Honorable Dale S. Fischer
United States District Judge