UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 11–6597 DSF (MRWx) | Date | 2/3/14 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Toby G. Scammell | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Motion to Stay Civil Proceedings (Docket No. 46)

    Plaintiff Securities and Exchange Commission (SEC) initiated this suit against Defendant Toby G. Scammell on August 11, 2011, alleging that Scammell engaged in unlawful insider trading. Scammell settled the liability aspect of this case in June 2012, leaving the amount of the civil penalty to be determined by the Court.[1] (Docket No. 33.) On October 8, 2013, Scammell was indicted for the same conduct. See United States v. Scammell, No. CR-13-0733 SJO. The trial in that case is currently set for April 29, 2014. Id., Docket No. 16. Scammell now moves for a stay of this civil action. The Court deems this matter appropriate for decision without oral argument.

    "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). However, courts have discretion to stay parallel civil proceedings "when the interests of justice seem to require such action." Id. (alteration and citation omitted). The determination of whether to stay civil proceedings requires a case-specific inquiry. Id. Courts should consider "the extent to which the defendant's fifth amendment rights are implicated," id., and this consideration is a "strong factor," id. at 326. However, courts should also consider:

  (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or

---

[1] No date has been set for a hearing on that issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 325.

Scammell asserts that he would be deprived of his Fifth Amendment rights if he was forced to simultaneously litigate his criminal and civil case, but:

> A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

Id. at 326 (citation omitted). Assuming Scammell's Fifth Amendment rights would nonetheless be *implicated* if this matter is not stayed,[2] it would be only slightly. The sole issue left to be decided in the civil case is the magnitude of the civil penalty. Information relevant to this issue will have little bearing on Scammell's criminal liability as opposed to the potential criminal penalty. Although this minor overlap in issues "may . . . ma[ke] responding to civil charges more difficult for [Scammell]," this does not necessitate a stay. See Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989); see also Keating, 45 F.3d at 325-26 (upholding refusal to grant stay notwithstanding the "remaining overlap between the [administrative] and criminal proceedings"). This is especially true as Scammell has indicated little interest in limiting the disclosure of information until his financial information was requested.

The SEC has an interest in proceeding expeditiously in this action. After two

---

[2] In Mitchell v. United States, 526 U.S. 314, 326-27 (1999), the Supreme Court held that the Fifth Amendment applies after conviction and before sentencing because "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony." The information sought from the defendant in Mitchell, however, was regarding incriminating conduct that enhanced a criminal prison sentence. Id. at 319-20. The Court does not reach whether this rule would also apply here, where information regarding financial status is not incriminating on its face but may nonetheless affect the magnitude of a criminal fine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

years, the litigation is now in its final stages. The SEC has already begun to seek discovery from Scammell regarding his finances.[3] And even assuming that the criminal trial concludes by this April or May, it would be months before the issue of the penalty would be decided. Even then, the case would not be final and the Fifth Amendment issue would not be resolved (assuming there was a conviction).

Scammell contends that he would be prejudiced absent a stay because his attorneys would face the burden of defending both matters simultaneously. But this burden is inherent in all parallel proceedings – which are generally "unobjectionable under our jurisprudence." Keating, 45 F.3d at 324 (citation and quotation marks omitted). The Court is unpersuaded by Scammell's argument that his counsel – attorneys at an international law firm – will be so burdened that Scammell will be denied the effective assistance of counsel under the Sixth Amendment. Counsel obviously have a responsibility to provide effective assistance in the criminal case, and the Court has no doubt they will do so. The second factor also weighs against entry of a stay.

The third factor weighs against entry of a stay as well. As discussed above, this two year old case is nearing conclusion, and a stay would only cause further delay - with no end in sight in the event of a criminal conviction and appeal. Refusing to enter a stay would not create duplicative work, as the Court must determine the civil penalty regardless of the outcome of the criminal proceeding. Moreover, the Court is confident it can make an appropriate ruling without knowing the outcome of the criminal case. Scammell would be free to argue to Judge Otero that this Court's order as to the civil penalty should be considered at the time (if it occurs) that Judge Otero imposes the criminal penalty.[4] (In fact, Scammell's counsel suggests that the factors set forth in 18 U.S.C. § 3553(a) would compel him to do so.) The Court has an interest in efficiently managing its cases and it is clear that lifting the stay and permitting discovery to proceed would be helpful.

Finally, the fourth and fifth factors weigh against entry of a stay. Scammell has

---

[3] The SEC suggests that Scammell's motion for a stay is an attempt to avoid producing documents relating to Scammell's finances – about which there is a pending motion to compel before the magistrate judge.

[4] To the extent Scammell contends that he would be incriminating himself by providing information that might be used to increase his criminal fine, the argument is not persuasive. At sentencing, the burden will be on Scammell to establish his inability to pay a fine. U.S.S.G. § 5E1.2(a)("The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay a fine."). If Scammell fails to provide financial information to prove that he cannot pay a fine, the sentencing court might well require him to pay the maximum fine set by statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

already settled the SEC's allegations of insider trading. The public is entitled to a prompt determination of the civil penalty and disgorgement to which Scammell has already agreed. See id. at 326 (noting "the public's interest in a speedy resolution of [civil] controvers[ies]").

The Court concludes that any Fifth Amendment interest Scammell has in seeking a stay is outweighed by the other Keating factors. The motion for a stay is DENIED.

IT IS SO ORDERED.